You call the next case, please. 316-0348, people of the state of Illinois, Appalachia, Mark Osgood v. Shakira Stephens, appellant by Neal Patel. Mr. Patel. May it please the court, Justice Schmidt, Justice Holdridge, to our clerk, our bailiff, counsel for the state. This is an appeal of dismissal of first-stage post-conviction petition. I'm not going to spend any time arguing the law surrounding a first-stage post-conviction petition. I think that's well settled. I don't think that's really what the issue is in this case. I think the issue is whether or not dismissal is appropriate at this stage. The only thing that I would point out to the court is that a first-stage petition, the petition only needed to suggest or to contain the gist of a constitutional claim. When we have the word gist compared to the word constitutional, I think while case law suggests that it's a low threshold, I think the word gist implies that it is quite a low threshold. And I think in this particular case, the gist was sustained. For a second or third-stage pleading, we would be in a much different position perhaps, but we are not at that point yet. Our petition alleged three grounds under which post-conviction relief should be granted. The first ground was that it is our opinion that there was an apprendee violation which took place during the trial. Ultimately, what happened is Mr. Evans was accused of a home invasion against a victim. The evidence showed that this victim was over 60 years of age. He was charged with home invasion, two different counts, as well as aggravated battery to a person above the tender age. Nowhere in the record by way of the indictment, by way of separate notice from the state, by way of the state putting on the record prior to when the sentence was actually imposed in this case, was it put on record or demonstrated that the client, Mr. Evans, was exposed to an extended term sentencing range of six to 60 years. You say there were two counts of home invasion? Yes, Judge. What was the difference? I believe one alleged Mr. Paul Evans Sr. The other one alleged Mrs. Quinester Evans, which was the victim's wife. Both were above the tender age, but ultimately I think what the state did prior to sentencing was they just merged those two counts together under a one-act, one-crime violation. So they're above the age of? They are above the age of 60. I think the evidence was very clear as it relates to that. I'm not going to dispute that that's what the facts show in the case, but I think what my issue is is that the formalities regarding exposing an individual to an extended term sentence under the rules that were created by Apprendi and then set into statute were not complied with in this case. And the first time that it was ever put on record that Mr. Chikara's Evans, and there's no relation to the victims, it's just that they just have the same last name by coincidence, that it was only during the sentencing hearing following the bench trial, which is when it was put out by the state where they said, well, this individual is subjected to six to 60 years. And that was the first time. My client, as well as his family members, submitted affidavits which suggested that they were completely unaware of the fact that he was exposed to a potentially extended term sentence. Where could that exposure have been disclosed? In the regimen? I would argue that there were potentially multiple ways to do it. The charging instrument in this case, which was ultimately a superseding bill of indictment, in those two counts could have indicated in some way, shape, or form, that the state is seeking an enhanced sentence based upon the fact that Paul Evans is above 60 years of age. That's one way. The state could have filed a separate notice at some point, in my humble opinion, prior to trial or even the day of trial, where they would allege that. The evidence in this case would show that the victim was 60 years of age and upon conclusion of a conviction of a home invasion case, that the state would be seeking an enhanced term sentence. He could have been orally admonished potentially by the court. Did the charging instrument state that the victims were over 60 years of age? It did in the aggravated battery case. In a normal case, an aggravated battery is an aggravated battery. Correct. Whether the victim is 15, 20, 30, or 40, so that would be by stating in the charging instrument that the victim is over 60 years of age. I think in this particular case, the reason why it was an aggravated battery was because the victim was above a specific age. I don't think it was a result of great bodily harm or some other version that elevated a misdemeanor battery to a felony offense. I think it was just a battery was committed against a person above 60 years of age. And so while I do agree that that was contained in the indictment and that the age was an element that needed to be proved for that offense, my argument would be is in order to expose him to the extended term rage, to comply with the statute, not only would the state have had to provide it in writing, and that's ultimately where my issue is, they would have had to prove it at trial, which I'm not going to dispute the age of the victim. Well, the example of an aggravated battery is that it's an element of crime, right? Correct. You're in the sentencing here. The element of home invasion as charged was not that the home or dwelling was one of someone plus 60. Yes, but the Code of Criminal Procedure, which codified Apprendi, required in addition to the writing that it be submitted to the trier of fact and proven as an aggravating factor, not as an element to the case. So the example I would use is if this case had proceeded to jury trial, the prosecutors would have had to have submitted a jury instruction, which essentially states if you find my client guilty, excuse me, if you find Mr. Evans guilty of home invasion, you can then consider the aggravating factor of whether or not the victim in that case was above the age of 60, just like you would a firearm enhancement in a murder case. And so just to say that the state had to prove it somewhere or put down in writing somewhere during this case that he was above the age of 60 wouldn't have been sufficient. In this case, it went to a jury trial, and some of those formalities didn't need to be complied with. But if we're looking at complying with the statute, by saying it has to be submitted as an aggravating factor to the charge to expose him to a potentially extended term range, that is the heart of our argument here. And I would argue in contrary to what the state argued in its papers is that it doesn't need to allege the age somewhere in the charging instrument. It needed to allege it within the counts that the state wished to seek an extended term sentence. And so ultimately my argument would be that because it didn't take place, because counsel did not inform that to his client as indicated in our affidavits. So you're saying the jury was never given the charge that they had to find the victims, one or more of the victims who were over the age of 60? This actually proceeded to a bench trial. That's what I was confused. You said jury. I just brought that up as an example. As an analogy. Correct. Yeah, but is the jury charged with knowing the law? No. The jury isn't charged with receiving the instruction of the law from a judge. Correct. But in a bench trial, we're presumed to know that the judge knows the law. And I agree with all that. My concern is were these sections complied with as required by 115C-5? And my argument is it's because since the charges themselves, since the home invasion count did not, let's say for lack of a better word, contain an age in any way, shape, or form, that that was not complied with. Now, I brought up the example of a jury trial because that section requires it to be proven as an aggravating factor, which if the state had properly noticed this charge as being under Apprendi and under 725 subsection, I think it was 115. That would be a CPA witness. Yeah. But Apprendi was codified in the statutes. And so our argument was that in order for him to be exposed to an extended term range. One of the things that the state, I assume, will argue is that Mr. Evans was not even sentenced to an extended term sentence. He was only sentenced to 20 years. But in its ruling in this case, the sentencing judge said, I feel I would be justified in sentencing to the extended term. And Apprendi is violated not by an improper sentence, but by being exposed to an improper sentence. Help me out. Apprendi basically said that if you've got some sentence enhancing factor, that has to be proven beyond a reasonable doubt also, right? I think that's half of Apprendi. I think the other half of Apprendi is that you have to provide notice to the defendant that this is the aggravating factor that exposes him to that range. And that's where our concern is, is that that factor, that notice was not complied with by the state or by counsel. Counsel did not inform his client. That goes to your infected client, right? Yes, correct, in part. Because he would have done something. It wouldn't have any effect on the trial, but somewhere in here in the brief, you get the point that he might have done something differently, like taken the seven years. Correct. Our argument would be is that if counsel had appropriately advised his client at the time of any plea negotiations or prior to trial that he was exposed to an extended term, then my client would have acted in a different way than by proceeding to trial. What were the non-extended terms for home invasion and aggravated battery? Non-extended factors for aggravated battery is probation and then two to five years in the Department of Corrections. For home invasion, it's six to 30 years, class X only. And if the court made a finding of bodily harm, the court can then sentence the defendant under truth in sentencing to 85%. Now bodily harm before a jury would have to be presented to them. Correct, but as part of an element of the battery offense, not as an aggregating factor to the battery offense. So if the case had proceeded a jury trial, the jury would have been charged for the battery finding contact that caused bodily harm and that the victim was above the tender age. There would be no aggregating factor for that. There would be no separate finding for that. So the separate finding is required for the home invasion count. So you're saying that really if you want to look at it from a policy standpoint, arguably the idea of notice or the concept of notice would be that an informed defendant might choose a different course of action. Correct, and that's the whole reason why that Apprende was decided in the way that it was. It was that a person has a right to know what he's facing prior to deciding how to proceed with his case. And so, you know, I'm not going to get into it. Again, Apprende is well settled, but I think the errors in this case could have simply been cured by putting it in writing or providing notice. That would have addressed that particular portion. And then I'm not going to sit here and say the guy wasn't above 60 years old. That was well settled. I'm not going to say that the state didn't prove it beyond a reasonable doubt. Is there a record of the first appearance before the trial court, say upon arraignment, if he was to be informed of the nature of the charges? There was. What had happened is this case started by way of an original complaint warrant. Prior to the defendant being taken into custody, the state had indicted the matter. Prior to the defendant being brought in front of any court or being in custody on the case, the state had filed a superseding bill of indictment. When he was brought to the court for his first appearance, there was a formal waiver. There was a waiver of any formal reading of the charges. Of the charges. And so you're saying that as long as the charges are waived, there's no need for a discussion between the court and the defendant regarding the potential sentencing range? No, I think the law does require that a defendant be admonished at some point as to the potential nature of the sentencing. And that can also be waived. But putting all that aside. Was it waived in this case? I don't recall. I know the formal reading of the charges was waived. I can't recall if counsel put a record that he was waiving resuscitation of any penalties to. I do know that penalties, such as whether or not he was advised 6 to 60, is not contained in the record until the sentencing hearing took place. Really? So the record, if we examine it, will be void of any mention of an enhanced sentence based upon victims beyond 10 years? Yes. Until sentencing? Yes, and I believe what happened is when the case came up for sentencing hearing, the state kind of started by saying, well, Judge, if I'm guilty in multiple counts, under one act, one crime, we believe they all kind of merged together. Your Honor should consider a sentencing range on a home invasion charge 6 to 60 years. We're asking you to make a filing of bodily harm. And at that point, that's the first time you're going to see of record 6 to 60 years. That, I would, I would, I've got my life on, Judge. Don't do that. I know that, and I'm sure the state will bring up that, immediately after that discussion took place by the state, defense counsel got up and said, yes, Judge, we agree with that. Part of the reason why I'm arguing that counsel was ineffective, he shouldn't have agreed to it at that point. He should not have said, yes, it's 6 to 60, or agreed with what the state had said. Well, and are we also arguing an effective assistance in it as appellate counsel in the first appeal in that regard? Because this issue could have been raised on direct appeal. Well, I would say we are not arguing that. I was the appellate counsel, Your Honor, and I did not raise that issue. And I would tell the court the reasoning why. Even if, there's really kind of two issues here. The first is, is there an apprendee violation? Even if there is, apprendee is still looked at as harmless there. The question is then, where is the harm? And the harm comes in when we take a look at the affidavits and materials in support of the post-conviction petition. The harm in this case, I believe, is demonstrated because, A, the defendant would have proceeded differently with his case. He would not have waived jury versus bench. He would have gone to jury, and he would have taken, he would have endeavored to take. The plea offer was a record on direct appeal. Correct, it was not. And I would argue that the issue of this, my client not having knowledge as to the sentencing range was not of record, how he would have proceeded if the sentencing ranges were of record, that was not contained of record. So the state is arguing, I believe they are going to be arguing waiver and forfeiture. I would argue to the court that, and I do argue it in my brief, that waiver and forfeiture can only take place for issues that were, in fact, perfected for an appeal. These issues were, I would argue that these issues were not perfected for the appeal. Because trial counsel was also trial counsel for sentencing as well as post-trial motions. And what he filed was basically boilerplate. When he had the motion to reconsider sentence, before the sentencing hearing was concluded, he had a motion in his hand, and he hand wrote in the number of years that my client was given, handed it up to the judge, the motion was heard and then denied. And so counsel was not prepared to address some of these issues. Now, as the appellate attorney, I had to make the choice to try to raise issues which could have been bounced out based on incomplete record, or raise the issues that were perfected by the record, see how this court would have proceeded, and then go by way of post-conviction as necessary. And that's why I don't believe that these issues were waived for post-conviction review. Are there any further questions? Thank you. Thank you, gentlemen. Mr. Austin. May I please record? By the way, counsel, I'm sorry, before you start, I guess I ought to mention, I should have mentioned at the outset, don't start Mr. Austin's time yet, that Justice McDade is part of this panel, and she's, because of the emergency situation, unable to be here today. She will be listening to the oral arguments. She will be participating in the discussion and the resolution of this matter when you're all done. I didn't want to make you hear the case by a panel, too. I should have said that at the beginning. I apologize. Okay. I'll restart. May it please the court? Counsel? Counsel? In his brief, the defendant asserted that the trial judge applied the wrong standard to first-stage review of the post-conviction petition, but he noted that the trial judge found the petition was frivolous and patently without merit. Thus, the defendant acknowledged that the trial judge made to the findings that are required under Section 122-2.1. In his reply brief, he asserted that the language the trial judge used regarding that the petition failed to raise a sufficient constitutional question was not surplus, as the people have already done our brief. By statute, a post-conviction petition must raise constitutional issues, and the primary consideration at the first stage was whether the defendant's petition stated the gist of the constitutional claim. By finding that the petition was frivolous and patently without merit, the trial judge therefore found that the petition did not state the gist. In his post-conviction petition, the defendant's first argument was that he was not informed prior to trial that he was extended term eligible as required under the statute and under Apprendi. The defendant asserted in his petition that the trial judge impermissibly enhanced the sentence on direct appeal. This court affirmed the defendant's 20-year sentence for home invasion. As the defendant noted in his main brief, the facts needed to raise this claim on direct appeal were of record. In his reply brief, the defendant argued that the claim could not have been raised on direct appeal because trial counsel did not perfect the issue for appeal. But the defendant could have raised the issue on direct appeal as plenary, he just did not do so. The defendant did raise the claim of ineffective assistance on direct appeal, but in his post-conviction petition, the defendant did not raise the claim of ineffective assistance of appellate counsel or argue that appellate counsel should have raised additional grounds to assert ineffective assistance of trial counsel. Therefore, the defendant cannot raise in this appeal a new claim of ineffective assistance of trial counsel on any basis that was not raised in his direct appeal. Therefore, restitutacana and forfeiture apply to his ineffective assistance claim. Regarding his claim that the trial judge impermissibly enhanced the sentence. Before we get there, let me just ask you, because Mr. McConnell said that, look, this issue about, you know, one of the arguments in the brief is, well, look, that's offered, and I know when I was looking at 60 years, that might have made the seven years look a little better, and I would have taken it, okay? And does the trial record contain any, the evidence of any plea negotiations that took place? In his affidavit and his post-conviction petition, the defendant said that he was offered seven years, and that he was advised by his counsel that he could get 30 years at 85%. So at that point, the defendant knew that he could get 23 years more than the plea offer at that time. Well, was that information available to the court, to a reviewing court, appellate court, on direct appeal? About the extent of term? Yeah, about, and the lack of notice in the plea negotiations, and that his counsel told him he was looking at 30 as opposed to 60. I believe that's in the trial record also, yes. Because, you know, this is all about the sensing, is when it came up to the 60-60, after the judge made the finding. So 85% of what? Of 30, initially 30 years, 85%. So he had a plea offer of seven that he rejected, knowing that he could get 30 at that point. And after the trial judge made a finding of great bodily harm, then we needed the extension up to 60 on the extended term. And one thing we talked about, the counsel talked about was the fact of the 60 years of age of the victim. Well, that was noticed in the supplemental indictment. It wasn't in the home invasion charge itself, but it was in other charges that the victim was 60 years of age. So under section 111-3C-5, it only requires that the defendant be noticed in writing of the factors, and that 60-year age was in the indictment, though it wasn't under that specific home invasion charge. So he knew the victim's age prior to trial. Also, at trial, the victim testified regarding his birth date and the date of the crime. So the victim's age at the time of the crime was proven beyond a reasonable doubt at trial. Therefore, a prendy was met by that testimony. Well, I have a question. There's a difference between knowing that the victim is above 60 and knowing the effect of that victim being above 60. Isn't that really the essence of this question? I mean, we're taking, you know, a non-lawyer, so to speak, who's supposed to be advised by a lawyer and represented by a lawyer. The fact that notice that it's above 60, that might be saying that the victim had brown eyes. What's the legal import or effect of that? How is that conveyed or communicated, supposedly? The enhancing factor was really due to the finding of great bodily harm, more so than on his age of 60. So let's talk about the enhancement. What did it take to enhance it? Just great bodily harm or did it have to be great bodily harm of somebody over the age of 60? The combination of the two factors come to play. Both? Yes. Well, that's kind of where I'm going is, so it's over 60, so it's brown eyes. The over 60 is the aggravating factor for the battery. But the enhancement comes up under the great bodily harm. So there are two parts to this in that sentence. So it wasn't until sentencing where there was a specific notice of the 60-60, and counsel agreed to that. There were no objections raised at any point by anyone that, oh, we didn't know about this. And so at this point, coming back after the appeal and raising it in a post-conviction petition, he could have raised that on direct appeal. But because he didn't, he is waived. It's forfeited for his post-conviction petition. And most importantly, what we need to keep in mind is the defendant was not sentenced to an extended term. He was sentenced to 20 years, regardless of whether he was admonished properly or not. The case law says if you have incorrect admonitions, if you are not sentenced to the extended term but you're sentenced to a proper term, then you're not prejudiced by the fact that you were not properly admonished. No, but the underlying policy is destroyed. Well. I mean, because we wouldn't even be here, perhaps, in many cases. Well, I mean, if he had been sentenced to more than 30, that would be obviously an issue, but he was not. I'm talking about taking a plea and not spending hours and time and money on a trial. Sure. That's the underlying policy. I agree. I don't disagree with you, Your Honor. Absolutely. One thing that counsel mentioned was he argues that a fronting of violations occur when a defendant is merely exposed to a possible extended term. But a fronting didn't say that. It only reiterated, and I quote, it is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. But in this case, the defendant was notified first that the victim was above 60, and we had the testimony at trial that the defendant was 60 at the time of the crime. So a fronting was met, definitely, in this case. One other thing the defendant raised was that his waiver of a jury trial was not knowing or voluntary, but he never raised this issue at trial. He didn't raise it on direct appeal again. And relevant facts, of course, are of record in this. And the defendant argued in his reply brief that after he entered his jury waiver, he learned that three of his co-defendants might testify. But that's really irrelevant because the defendant could have rescinded his waiver any time prior to the bench trial. And the record shows that the defendant knew prior to trial that these three witnesses would testify and that the defendant rejected a plea offer after learning that they would be testifying. And defense counsel cross-examined all three witnesses, and the defendant didn't raise any objection to the fact that these three witnesses would be testifying at trial. And defense counsel stipulated to the admission of police interviews of these three witnesses for the purpose of impeachment. And, therefore, the trial judge in this case properly dismissed the defendant's petition as to this issue, and he has forfeited this issue on appeal also. But people will stand on a brief further follow their argument and ask this Court to affirm the summary dismissal of the defendant's post-conviction petition. Thank you, Mr. Austin. Thank you. Mr. Patel, someone above? Yes, Judge. When counsel was up here, one of the things that was asked was, what is the extending or aggravating factors in this case that make this go from 6 to 30? And I just want the record to be clear on this. Home invasion is a 6 to 30 case. When there is a finding of great bodily harm or bodily harm, the Court can then impose a truth in sentencing, 85 percent sentence. But the maximum is still 30 years at 85 percent. What opens up the door to the extended range is only the age of the victim, and that is in the statutes. And so I want the record to be clear on that. Great bodily harm to someone over the age of 60? Correct. So, for example, in this case, if he committed a home invasion and did great bodily harm, he's subject to an 85 percent sentence, assuming the Court makes that proper finding. But what exposes him to a 30 to 60-year sentence, potentially at 85 percent, is the fact that the victim was under the age of 60. Justice Holdred, you had brought up the issue of what's the point if we don't provide notice. My client, knowing that the alleged victim was the age of 60, is not the threshold issue. It's a question of putting forth the notice to spread of record, to make a defendant aware that he is potentially subjected to this term. And if he's not, in my opinion, aware of that prior to making critical decisions in this case, then it defeats the purpose of him having fair trial and effective representation. Well, he knew he was facing 30, right? Yes. No question about that. He got 20. Yes. So a 20-year sentence shouldn't have been a big surprise. And so the fact that where's the prejudice if he wasn't sentenced to over 30 years? I would ask the Court to review the sentencing hearing in this case and to actually look at what Judge Rozak said during his time. It doesn't matter. We review a trial court's judgment, not his reasoning. Yes. So what he said doesn't matter. I'm just asking where his words put the prejudice to the client. So my question, where's the prejudice to your client? In other words, again, if there's not every mistake, it is reversible. I guess the reason why I'm relying on what the trial judge said in this case is, you know, ultimately heard the aggravation, heard the mitigation, weighed all those factors accordingly. He said he would feel justified in doing an extended term sentence in this case, but for the mitigation in this case. So my argument would be is if the – I guess the way I would do it is like a doorway. If the doorway to the extended term sentence wasn't available to him, the Court wouldn't have said I felt I would feel an extended term sentence would be justified. And at that point, if we take a look then, the Court would have then weighed the mitigation, perhaps more heavily, to give him less than 20 years. If the Court felt justified to do an extended term sentence, let's say 40 years or 31 years or 30 years in one day, but then the mitigation brings it down to 20, certainly I could argue that, well, if that door wasn't open, then we would have potentially had a different sentence. What you're talking about is the range, the end points. Correct. And part of the reason why I think this is an issue is Apprendi doesn't just say you were sentenced to an enhanced sentence. It says that if the exposure is there. That's actually in Apprendi v. New Jersey. And so the fact that the exposure was there, the harm is there because, well, even though the judge may not have done it, my client in deciding whether or not to accept the plea offer would have considered it. I would let the Court know that from the record of this case, the only mention of a plea negotiation was that on the day that this plea offer was tendered. It was put of record that a plea offer was made. The details, terms, and conditions of those offers were not of record. So I would argue that the record was not complete as it related to raising the decision. And so it was only complete in terms of the number seven when? When I filed the post-conviction petition in the trial court. Which was by affidavit? Yes. I think affidavit of my client as well as his family members who were involved in some of the processes. Counsel, do you have one minute? Judge, I know that the State raised the issue of ineffective assistance of counsel being raised at the direct appeal. That is correct. We did raise the issue of ineffective assistance. This Court also did not grant relief on those grounds. And we accept that. But the State has not pointed to a single case. And it's really not supported by the case law that says, well, if you raise an effective assistance counsel claim on a direct appeal, you then waive each and every subsequent claim. When, in fact, post-conviction petitions are the preferred method to raise ineffective claims. I'm sorry? You can't raise the same one. I'm sorry? You can't raise the same one. Correct. I'm not raising the same one. Your argument, if I understand it simplistically, is if I have new, this affidavit with the number seven, right? That's part of it, Judge, yes. Well, yeah, let's make it simple. Yes. Okay? That completes that portion. So that opens? That would have opened the door to a post-conviction claim. Of what? As it relates to ineffective assistance. Right. That's kind of what I was going to do in a few words. Yes, Judge. Sorry. Okay. If following the trial, trial counsel either withdrew and had new post-trial counsel, those issues could have been explored and potentially raised. But trial counsel was the post-trial attorney who was the sentencing attorney. It's not reasonable to expect him to perfect his own ineffectiveness. You know what I'm saying? In the real world, do you suppose that the client rejected the seven-year plea offer because he thought, A, he could beat the rap and get to zero, or because he thought if he was convicted, he was going to have a good sentence for less than seven years. And it would seem that he went to trial because he thought he had a defense. And that is a possibility, Your Honor. But that would be an issue that's better discussed for a third-stage petition where the defendant would have to get on the stand and be cross-examined by the state. At this point, we have to accept these affidavits as true, which is that my client didn't take the plea offer because he didn't think he could be sentenced to upwards of 16 years. Well, or it has to be developed more fully at the second stage. Correct. I mean, a lot of people don't get to be on the second stage. My understanding of the proceedings would have been that the court would have had a greater opportunity to make more factual findings at a second stage. So that's why I feel that first stage, you should get passed. Second stage and third stage, I think that's where the meat and potatoes should be. Well, I guess I'd say I've met my life that I know at a third-stage hearing, your client's going to get on the stand and say, boy, if I'd known him for 60 years, I would have taken the seven. That's a possibility, but then at least... Possibility? But then we would have had an evidentiary hearing, findings of fact, credibility issues. I'm just pointing out, and I think I kind of argued it a little in my opening brief, we shouldn't be confusing first, second, and third-stage reviews. And sometimes it's an easy thing to do. Well, but again, in first-stage it's stated, you mentioned what we call a guess for the constitutional thing here, but there's another defense. If the allegations are positively rebutted by the record, so he can dismiss it at that stage too. Correct. I don't believe that the trial court, in making its findings in this case, said that they were rebutted by the record. He did say that they were subject to waiver or forfeiture and other things. He did, Judge Rozak, did do a written order in this case, which is part of the reason why I argued some of the language he used was inappropriate, which the State brought up in their oral arguments. Counsel, your turn. Thank you very much. Thank you, Mr. Patel. Mr. Ossel, thank you too. This matter will be taken under advisement. As I indicated, Judge McDade will be participating, and a written disposition will be issued. Right now we'll be on brief recess for a panel exchange before the next case.